IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CD ALSTON,

        Plaintiff,                    No. CIV S-11-2077 KJM GGH PS

   vs.

CHRISTY WURSTER, et al.,

        Defendants.           ORDER

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiffs may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

\\\\

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7  Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint must contain more than a "formulaic recitation of the elements of a
9  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
10 speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
11 "The pleading must contain something more...than...a statement of facts that merely creates a
12 suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
13 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
14 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
15 v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
16 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
17 the court to draw the reasonable inference that the defendant is liable for the misconduct
18 alleged." Id.

19   Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
20 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th
21 Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se
22 plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
23 dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

24   In this case, plaintiff alleges that on April 26, 2011 at 8:30 a.m. she was
25 approached by defendant Christy Wurster and her partner Wrigley at the Fish Hatchery.  Wurster
26 stated that plaintiff had been there two days in a row, that plaintiff was in the park before the park

2

1  opened at 6:00 a.m., and accused her of camping out.  Plaintiff denied these allegations, but
2  Wurster opened plaintiff's car door and demanded that she exit her vehicle.  Wurster also
3  threatened to take plaintiff to jail.  Plaintiff requested that Wurster get her foot that was kicking
4  plaintiff's car door open off her car so she could leave, but Wurster refused.  Wurster reached in
5  plaintiff's vehicle, put it in park, and then began to twist plaintiff's arm.  Thereafter, plaintiff
6  somehow left the park without further incident.

7  Subsequently, plaintiff filed suit against Wurster in her individual and official
8  capacity, the County of Sacramento, and the El Dorado County Sheriff Department.  The
9  complaint for damages primarily alleges liability for constitutional violations under 42 U.S.C. §
10  1983 and for related state law tort claims.  Plaintiff claims that the County of Sacramento and El
11  Dorado County Sheriff Department's policies, customs, and practices, such as their alleged
12  failure to provide adequate training and lack of adequate supervision, gave rise to the deprivation
13  of her constitutional rights.

14  It appears that, for the limited purposes of screening, plaintiff's complaint states a
15  colorable claim against defendant Wurster in her individual capacity.  However, because the
16  allegations as to the remaining defendants are ambiguous and inconsistent, the court is unable to
17  ascertain their involvement in this matter.[1]

18  The Civil Rights Act provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

---

[1] "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). Accordingly, plaintiff's claims against Wurster in her official capacity suffer from the same defects discussed below.

3

1  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
2  (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
3  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
4  omits to perform an act which he is legally required to do that causes the deprivation of which
5  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

6  Since there is no respondeat superior liability under § 1983, counties and
7  municipalities may be sued under § 1983 only upon a showing that an official policy or custom
8  caused the constitutional tort. See Mt Healthy City School Dist Board of Education v. Doyle,
9  429 U.S. 274, 280 (1977); Monell v. New York City Dep't of Social Services, 436 U.S. 658, 691
10 (1978). "A local government entity cannot be held liable under § 1983 unless the plaintiff
11 alleges that the action inflicting injury flowed from either an explicitly adopted or a tacitly
12 authorized [governmental] policy." Ortez v. Washington Cty., State of Or., 88 F.3d 804, 811
13 (9th Cir. 1996) (citation and quotations omitted) (alteration in original) "[L]ocal governments,
14 like any other § 1983 'person,' . . . may be sued for constitutional deprivations visited pursuant to
15 governmental 'custom' even though such a custom has not received formal approval through the
16 body's official decisionmaking channels." Monell, 436 U.S. at 690-91.

17 Thus, "a local government may not be sued under § 1983 for an injury inflicted
18 solely by its employees or agents." Monell, at 694. A local governmental entity may also "be
19 liable if it had a policy or custom of failing to train its employees and that failure to train caused
20 the constitutional violation. In particular . . . the inadequate training of police officers could be
21 characterized as the cause of the constitutional tort if – and only if – the failure to train amounted
22 to 'deliberate indifference' to the rights of persons with whom the police come into contact."
23 Collins v. City of Harker Heights, 503 U.S. 115, 123-124, 112 S. Ct. 1061 (1992) (fn. omitted),
24 citing in Canton v. Harris, 489 U.S. 378, 387, 388, 109 S.Ct. 1197 (1989).

25 Although plaintiff's complaint includes allegations that the County of Sacramento
26 and the El Dorado Sheriff Department's policies, customs, and procedures led to violation of

plaintiff's constitutional rights, it is not clear which, if any, of these entities actually employed Wurster. In parts of the complaint, plaintiff alleges that Wurster is a lieutenant for the California Department of Fish and Game. (See Complaint for Damages, Dkt. No. 1 ["Compl."] ¶ 3.) In that same paragraph, plaintiff claims that Wurster is a "Lieutenant of the Sheriff Department." (Id.) In other parts of the complaint, plaintiff claims that Wurster is an "acting Captain for Department of Fish and Game and Lieutenant of El Dorado, Amador, and Alpine Counties." (Compl. ¶ 8.) Plaintiff does not allege that plaintiff is employed by Sacramento County. Accordingly, it is unclear why Sacramento County was named as a defendant in this matter at all. If plaintiff elects to amend her complaint, plaintiff must allege under which entity's authority defendant Wurster was performing her duties at the park. The court cannot guess as to which entity (California Department of Fish and Game, El Dorado County, Amador County, Alpine County, or Sacramento County) actually employed Wurster to patrol the park. Importantly, plaintiff cannot name as defendants governmental entities who did not employ Wurster and had no involvement in this matter.

The court notes that if Wurster were employed by the California Department of Fish and Game, a claim against that entity (as well as a claim against Wurster in her official capacity) would be barred by the Eleventh Amendment. States and state officers sued in their official capacity are not considered persons under section 1983 because they are immune from liability under the Eleventh Amendment and the doctrine of sovereign immunity. Howlett v. Rose, 496 U.S. 356, 365, 110 S.Ct. 2430 (1990); Will v. Michigan Dept. of State Police, 491 U.S. 58, 63-67, 71, 109 S.Ct. 2304 (1989). The Eleventh Amendment erects a general bar against federal lawsuits brought against a state or state department or agency. Papasan v. Allain, 478 U.S. 265, 276 (1986).

Turning to plaintiff's substantive causes of action, the complaint fails to state claims for violation of the Fourteenth Amendment under 42 U.S.C. § 1983. To the extent plaintiff attempts to state a violation of the Due Process Clause of the Fourteenth Amendment

1 related to her detention, that claim is improper.  All constitutional claims, including excessive
2 force claims, resulting from an arrest, investigatory stop, or other seizure of a free citizen should
3 be analyzed under the Fourth Amendment rather than under a substantive due process approach.
4 Graham v. O'Connor, 490 U.S. 386, 395 (1989).  Plaintiff also fails to allege any facts in support
5 of a violation of the Equal Protection Clause of the Fourteenth Amendment.  "To state a § 1983
6 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a
7 manner inconsistent with others similarly situated, and that the defendants acted with an intent or
8 purpose to discriminate against the plaintiff based upon membership in a protected class."
9 Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005).  Here, plaintiff does not
10 allege membership in a protected class and fails to allege facts demonstrating differential
11 treatment of others similarly situated on account of membership in a protected class.  Plaintiff
12 may state such a claim by, for example, alleging that she was specifically targeted due to her race
13 while people of other races were not stopped.  Such allegations, however, may only be made
14 upon a good faith basis.

15         With respect to plaintiff's state law tort claims, plaintiff improperly attempts to
16 state a claim for negligence under 42 U.S.C. § 1983.  A negligence claim instead arises under
17 California state law.  Under California law, "to prevail in an action based upon a defendant's
18 alleged negligence, a plaintiff must demonstrate that the defendant owed the plaintiff a legal
19 duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of
20 his or her injuries."  Ambriz v. Kelegian, 146 Cal. App. 4th 1519, 1530-31 (2007).  To state a
21 proper claim for negligence, plaintiff must plead facts in support of each element, i.e. what duty
22 the defendant owed plaintiff, how the defendant breached that duty, and how that breach caused
23 the harm plaintiff allegedly suffered.

24         The complaint also fails to state a claim for intentional infliction of emotional
25 distress.  "The tort of intentional infliction of emotional distress is comprised of three elements:
26 (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless

disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct." Cochran v. Cochran, 65 Cal. App. 4th 488, 494 (1998). "In order to meet the first requirement of the tort, the alleged conduct...must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." Id.  Here, the complaint essentially alleges that defendants breached their duty of care to plaintiff, and reads more like a negligence claim.  To state a cognizable claim for intentional infliction of emotional distress, plaintiff must set forth the elements outlined above along with specific facts in support of each element.

In light of the above, plaintiff will be given 28 days from the date of service of this order to amend her complaint to cure any deficiencies outlined above.

If plaintiff chooses to amend, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. E.D. Cal. L.R. 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Furthermore, plaintiff alleges that she has exhausted government tort claim procedures with respect to the state law tort claims prior to bringing this action.  Plaintiff is advised to attach copies of any such written claims as an exhibit to any amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (dkt. no. 3) is granted.

2. Plaintiff's complaint is dismissed with leave to amend.

3. Plaintiff is granted 28 days from the date of service of this order to file an amended complaint curing the deficiencies outlined in this order. The amended complaint shall bear the docket number assigned to this case and shall be labeled "First Amended Complaint." Plaintiff must file an original and two copies of any amended complaint.

4. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

DATED: October 31, 2011

                                         /s/ Gregory G. Hollows
                                   UNITED STATES MAGISTRATE JUDGE

GGH/wvr
alston.2077.ifp-lta.wpd