IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CD ALSTON

        Plaintiff,                No. CIV S-11-2077 KJM GGH PS

    vs.

CHRISTY WURSTER, et al.

        Defendants.         ORDER

_____/

        This proceeding was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff is proceeding in this action pro se and in forma pauperis. Plaintiff seeks damages for alleged violations of her Fourth Amendment rights under 42 U.S.C. § 1983 and related federal and state law causes of action.

        By order filed October 31, 2011, the court determined that, for the limited purpose of screening, plaintiff had stated a colorable claim against defendant Wurster in her individual capacity, but had failed to state a colorable claim against defendants County of Sacramento, El Dorado County Sheriff Department, and Wurster in her official capacity. (Dkt. No. 8.) The court granted plaintiff 28 days to file an amended complaint curing the deficiencies outlined in that order. (Id.) In particular, the court ordered that any amended complaint should make clear which entity actually employed defendant Wurster, because plaintiff cannot name as defendants

governmental entities who did not employ Wurster and had no involvement in this matter. (Id.)[1]

On November 28, 2011, plaintiff filed a first amended complaint. (Dkt. No. 9.) Subsequently, on November 29, 2011, she filed a second amended complaint ("SAC"), which the court deems to be the operative complaint. (Dkt. No. 10.) The basic factual allegations in the SAC are substantially similar to those in the original complaint. Plaintiff alleges that on April 26, 2011 at 8:30 a.m. she was approached by defendant Christy Wurster and her partner Wrigley at the Fish Hatchery. Wurster stated that plaintiff had been there two days in a row, that plaintiff was in the park before the park opened at 6:00 a.m., and accused her of camping out. Plaintiff denied these allegations, but Wurster opened plaintiff's car door and demanded that she exit her vehicle. Wurster also threatened to take plaintiff to jail. Plaintiff requested that Wurster get her foot that was kicking plaintiff's car door open off her car so she could leave, but Wurster refused. Wurster reached in plaintiff's vehicle, put it in park, and then began to twist plaintiff's arm. Thereafter, plaintiff somehow left the park without further incident. (Dkt. No. 10 at 4-5.)

At an initial glance, the SAC is again somewhat ambiguous as to which entity allegedly employed defendant Wurster. The caption on the first page indicates that plaintiff is suing defendant Wurster individually and in her official capacity as a lieutenant with El Dorado County Department of Fish and Game. (Id. at 1.) However, in the "Parties" section of the SAC, plaintiff also names the County of Sacramento as a defendant. (Id. at 3.) Elsewhere in the complaint, plaintiff alleges that defendant Wurster is employed by the California Department of Fish and Game, but the California Department of Fish and Game is not named as a defendant. (Id. at 2.) Nevertheless, upon closer review of the complaint, it appears that specific allegations

---

[1] As the court noted, in parts of the original complaint, plaintiff alleged that Wurster is a lieutenant for the California Department of Fish and Game. (See Dkt. No. 1 ¶ 3.) In that same paragraph, plaintiff claimed that Wurster is a "Lieutenant of the Sheriff Department." (Id.) In other parts of the original complaint, plaintiff claimed that Wurster is an "acting Captain for Department of Fish and Game and Lieutenant of El Dorado, Amador, and Alpine Counties." (Id. ¶ 8.) Plaintiff did not allege that Wurster is employed by Sacramento County. Accordingly, it was unclear why Sacramento County was named as a defendant.

of entity liability are only made against the El Dorado County Department of Fish and Game. (Id. at 9.) In fact, when the original complaint and the SAC are compared, it is evident that all prior specific allegations of entity liability against the County of Sacramento have been removed. (See Dkt. No. 1 at 8-9; Dkt. No. 10 at 8-9.) Thus, the remaining references to the California Department of Fish and Game and the County of Sacramento appear to be mere inadvertent drafting errors. Accordingly, the court construes the complaint as stating claims against defendants Wurster and the El Dorado County Department of Fish and Game.

Pursuant to 28 U.S.C. § 1915(e)(2), when a plaintiff proceeds in forma pauperis, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. For the limited purpose of screening, the court finds that the second amended complaint states a colorable claim against defendants Wurster and the El Dorado County Department of Fish and Game.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: Christy Wurster and the El Dorado County Department of Fish and Game.

2. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Fed. R. Civ. P. 4, including a copy of this court's status order, without prepayment of costs.

3. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant, one summons, a copy of the complaint, an appropriate form for consent to trial by a magistrate judge, and this court's status order.

---

[2] The SAC does not literally name El Dorado County Department of Fish and Game as a defendant. Instead, defendant Wurster is named in her individual and official capacity as a lieutenant with El Dorado County Department of Fish and Game. However, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985).

4. Plaintiff is directed to supply the U.S. Marshal, within 14 days from the date this order is filed, all information needed by the Marshal to effect service of process, and *shall file a statement with the court that said documents have been submitted to the United States Marshal.* The court anticipates that, to effect service, the U.S. Marshal will require at least:

    a. One completed summons for each defendant;

    b. One completed USM-285 form for each defendant;

    c. One copy of the endorsed filed complaint for each defendant, with an extra copy for the U.S. Marshal;

    d. One copy of this court's status order for each defendant; and

    e. One copy of the instant order for each defendant.

5. In the event the U.S. Marshal is unable, for any reason whatsoever, to effectuate service on any defendant within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

6. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, CA, 95814, Tel. No. (916) 930-2030.

DATED: December 5, 2011

                          /s/ Gregory G. Hollows
                         UNITED STATES MAGISTRATE JUDGE

GGH/wvr
alston.2077.serv.wpd