IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CD ALSTON

        Plaintiff,                           No. CIV S-11-2077 KJM GGH PS

  vs.

CHRISTY WURSTER, et al.

        Defendants.               <u>ORDER TO SHOW CAUSE</u>

_____/

        This proceeding was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff is proceeding in this action pro se and in forma pauperis.

        Plaintiff seeks damages for alleged violations of her Fourth Amendment rights under 42 U.S.C. § 1983 and related federal and state law causes of action. Plaintiff alleges that on April 26, 2011 at 8:30 a.m. she was approached by defendant Christy Wurster and her partner Wrigley at the Fish Hatchery. Wurster stated that plaintiff had been there two days in a row, that plaintiff was in the park before the park opened at 6:00 a.m., and accused her of camping out. Plaintiff denied these allegations, but Wurster opened plaintiff's car door and demanded that she exit her vehicle. Wurster also threatened to take plaintiff to jail. Plaintiff requested that Wurster get her foot that was kicking plaintiff's car door open off her car so she could leave, but Wurster

1

refused. Wurster reached in plaintiff's vehicle, put it in park, and then began to twist plaintiff's arm. Thereafter, plaintiff somehow left the park without further incident. (Dkt. No. 10 at 4-5.)

On December 6, 2011, the court found that, for the limited purposes of screening, plaintiff's second amended complaint ("SAC") stated a colorable claim against defendants Wurster and the El Dorado County Department of Fish and Game. The SAC did not literally name El Dorado County Department of Fish and Game as a defendant. Instead, defendant Wurster was named in her individual and official capacity as a lieutenant with El Dorado County Department of Fish and Game. However, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). Accordingly, service on both Wurster and the El Dorado County Department of Fish and Game was ordered. (See Dkt. No. 11.)

Defendant Wurster filed an answer on January 26, 2012. (Dkt. No. 15.) Subsequently, on March 5, 2012, the U.S. Marshal filed a process receipt and return indicating that the "El Dorado County Department of Fish and Game" was served at 1416 Ninth Street, Sacramento, CA 95814 on February 27, 2012. (Dkt. No. 17.) However, upon further research by the court, it appears that the address on the process receipt is in fact the address for the California Department of Fish and Game, and that there is no such entity as the "El Dorado County Department of Fish and Game." See http://www.dfg.ca.gov/contact/.

In a previous screening order, the court specifically notified plaintiff that a claim against the California Department of Fish and Game (as well as a claim against Wurster in her official capacity as an employee of that entity) would be barred by the Eleventh Amendment. (Dkt. No. 8 at 5.) States and state officers sued in their official capacity are not considered persons under section 1983 because they are immune from liability under the Eleventh Amendment and the doctrine of sovereign immunity. Howlett v. Rose, 496 U.S. 356, 365 (1990); Will v. Michigan Dept. of State Police, 491 U.S. 58, 63-67, 71 (1989). The Eleventh Amendment erects a general bar against federal lawsuits brought against a state or state

department or agency.  Papasan v. Allain, 478 U.S. 265, 276 (1986).

In light of the above, within fourteen (14) days of the date of service of this order, plaintiff will be required to either file a notice of dismissal of defendant "El Dorado County Department of Fish and Game" or show cause why the claims against that defendant should not be dismissed as barred by the Eleventh Amendment.

Accordingly, IT IS HEREBY ORDERED that plaintiff shall, within fourteen (14) days of the date of service of this order, either file a notice of dismissal of defendant "El Dorado County Department of Fish and Game" or show cause why the claims against that defendant should not be dismissed as barred by the Eleventh Amendment.

DATED: March 13, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/wvr
alston.2077.osc.wpd