1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CD ALSTON

11            Plaintiff,                    No. CIV S-11-2077 KJM GGH PS

12       vs.

13   CHRISTY WURSTER, et al.                <u>ORDER AND</u>

14            Defendants.                   <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16            This proceeding was referred to the undersigned pursuant to E.D. Cal. L.R.

17   302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff is proceeding in this action pro se and in forma

18   pauperis.

19            Plaintiff seeks damages for alleged violations of her Fourth Amendment rights

20   under 42 U.S.C. § 1983 and related federal and state law causes of action.  Plaintiff alleges that

21   on April 26, 2011 at 8:30 a.m. she was approached by defendant Christy Wurster and her partner

22   Wrigley at the Fish Hatchery.  Wurster stated that plaintiff had been there two days in a row, that

23   plaintiff was in the park before the park opened at 6:00 a.m., and accused her of camping out.

24   Plaintiff denied these allegations, but Wurster opened plaintiff's car door and demanded that she

25   exit her vehicle.  Wurster also threatened to take plaintiff to jail.  Plaintiff requested that Wurster

26   get her foot that was kicking plaintiff's car door open off her car so she could leave, but Wurster

1

1   refused.  Wurster reached in plaintiff's vehicle, put it in park, and then began to twist plaintiff's

2   arm.  Thereafter, plaintiff somehow left the park without further incident.  (Dkt. No. 10 at 4-5.)

3          On December 6, 2011, the court found that, for the limited purposes of screening,

4   plaintiff's second amended complaint ("SAC") stated a colorable claim against defendants

5   Wurster and the El Dorado County Department of Fish and Game.  The SAC did not literally

6   name El Dorado County Department of Fish and Game as a defendant.  Instead, defendant

7   Wurster was named in her individual and official capacity as a lieutenant with El Dorado County

8   Department of Fish and Game.  However, "an official-capacity suit is, in all respects other than

9   name, to be treated as a suit against the entity."  Kentucky v. Graham, 473 U.S. 159, 166 (1985).

10  Accordingly, service on both Wurster and the El Dorado County Department of Fish and Game

11  was ordered.  (See Dkt. No. 11.)

12         Defendant Wurster filed an answer on January 26, 2012.  (Dkt. No. 15.)

13  Subsequently, on March 5, 2012, the U.S. Marshal filed a process receipt and return indicating

14  that the "El Dorado County Department of Fish and Game" was served at 1416 Ninth Street,

15  Sacramento, CA 95814 on February 27, 2012.  (Dkt. No. 17.)  However, upon further research by

16  the court, it appears that the address on the process receipt is in fact the address for the California

17  Department of Fish and Game, and that there is no such entity as the "El Dorado County

18  Department of Fish and Game."  See http://www.dfg.ca.gov/contact/.

19         In a previous screening order, the court specifically notified plaintiff that a claim

20  against the California Department of Fish and Game (as well as a claim against Wurster in her

21  official capacity as an employee of that entity) would be barred by the Eleventh Amendment.

22  (Dkt. No. 8 at 5.)  States and state officers sued in their official capacity are not considered

23  persons under section 1983 because they are immune from liability under the Eleventh

24  Amendment and the doctrine of sovereign immunity.  Howlett v. Rose, 496 U.S. 356, 365

25  (1990); Will v. Michigan Dept. of State Police, 491 U.S. 58, 63-67, 71 (1989).  The Eleventh

26  Amendment erects a general bar against federal lawsuits brought against a state or state

department or agency.  Papasan v. Allain, 478 U.S. 265, 276 (1986).

Consequently, on March 13, 2012, the court issued an order to show cause requiring plaintiff, within fourteen (14) days of the date of service of that order, to either file a notice of dismissal of defendant "El Dorado County Department of Fish and Game" or show cause why the claims against that defendant should not be dismissed as barred by the Eleventh Amendment.  (Dkt. No. 21.)  Although that time period has now expired, plaintiff failed to file a notice of dismissal or a response to the order to show cause.  The court will therefore recommend that plaintiff's claims against defendant "El Dorado County Department of Fish and Game" (or against Wurster in her official capacity as an employee of the "El Dorado County Department of Fish and Game") be dismissed with prejudice as barred by the Eleventh Amendment.

Additionally, the court notes that the U.S. Marshal has filed a request for an order to reimburse the Marshal's fees for serving defendant "El Dorado County Department of Fish and Game."  (Dkt. No. 18.)  On December 6, 2011, the court ordered the United States Marshal to serve process on defendants Christy Wurster and El Dorado County Department of Fish and Game within ninety (90) days.  (Dkt. No. 11.)  The United States Marshal's waiver of service form notifies a defendant that failure to waive service of summons would result in a requirement that defendant bear costs of such service unless it shows good cause for failure to return the waiver.  See Fed. R. Civ. P. 4(d)(1); 28 U.S.C. § 566(c).  On March 5, 2012, the United States Marshal filed a return of service with a USM-285 form showing total charges of $ 56.02 for effecting personal service on defendant El Dorado County Department of Fish and Game.  (Dkt. No. 17.)  The form shows that a waiver of service form was mailed to defendant El Dorado County Department of Fish and Game on December 15, 2011, and that no response was received. (Id.)

Rule 4(d) of the Federal Rules of Civil Procedure provides, in pertinent part, that:

An individual, corporation, or association that is subject to service
under Rule 4(e), (f), or (h) has a duty to avoid unnecessary
expenses of serving the summons. . . .

3

> If a defendant located within the United States fails, without good
> cause, to sign and return a waiver requested by a plaintiff located
> within the United States, the court must impose on the defendant:
> (A)  the expenses later incurred in making service; and
> (B)  the reasonable expenses, including attorney's fees, of any
> motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(1), (2)(A), (B).

However, as discussed above, there is no such entity as the "El Dorado County Department of Fish and Game."  Even though it appears that the U.S. Marshal served the California Department of Fish and Game with plaintiff's operative complaint, the complaint did not actually identify the California Department of Fish and Game as a defendant and it therefore had good cause not to sign and return the waiver of service form.  As such, the court will deny the U.S. Marshal's request for an order requiring reimbursement of service fees.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED THAT the U.S. Marshal's request for an order requiring reimbursement of service fees related to defendant "El Dorado County Department of Fish and Game" (dkt. no. 18) is denied.

IT IS ALSO HEREBY RECOMMENDED THAT plaintiff's claims against defendant "El Dorado County Department of Fish and Game" (or against Wurster in her official capacity as an employee of the "El Dorado County Department of Fish and Game") be dismissed with prejudice as barred by the Eleventh Amendment.

////
////
////
////
////
////
////
////

4

1       These findings and recommendations are submitted to the United States District

2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

3   (14) days after being served with these findings and recommendations, any party may file written

4   objections with the court and serve a copy on all parties.  Such a document should be captioned

5   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6   shall be served and filed within seven (7) days after service of the objections.  The parties are

7   advised that failure to file objections within the specified time may waive the right to appeal the

8   District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9   DATED: April 13, 2012

                                         /s/ Gregory G. Hollows
                                         UNITED STATES MAGISTRATE JUDGE

GGH/wvr
alston.2077.fr.eldorado.wpd