IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CD ALSTON,

      Plaintiff,                      No. 2:11-cv-2077 KJM GGH PS

      vs.

CHRISTY WURSTER, et al.,

      Defendants.             ORDER

_____/

      Plaintiff is proceeding pro se and in forma pauperis in this action, which was originally filed on August 5, 2011 and referred to the undersigned by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Presently pending before the court is defendant Christy Wurster's motion for sanctions which came on regularly for hearing on May 24, 2012. Plaintiff failed to file an opposition to the motion and failed to appear at the hearing. After considering the papers in support of the motion, the oral argument, and the applicable law, the court now issues the following order.

BACKGROUND

      In her operative second amended complaint, plaintiff alleges that on April 26, 2011 at 8:30 a.m. she was approached by defendant Christy Wurster, a lieutenant with the California Department of Fish and Game, while plaintiff was sitting in her car in the parking lot

at the Fish Hatchery in Gold River, California.  Wurster allegedly stated that plaintiff had been there two days in a row, that plaintiff was in the park before the park opened at 6:00 a.m., and then accused her of camping out.  Plaintiff denied these allegations, but Wurster purportedly opened plaintiff's car door and demanded that she exit her vehicle.  Wurster also allegedly threatened to take plaintiff to jail.  According to plaintiff, she requested that Wurster get her foot that was kicking plaintiff's car door open off her car so she could leave, but Wurster refused.  Wurster reached in plaintiff's vehicle, put it in park, and then began to twist plaintiff's arm.  Thereafter, plaintiff somehow left the park without further incident.  The second amended complaint primarily alleges liability for violation of plaintiff's Fourth Amendment rights under 42 U.S.C. § 1983 and for related state law tort claims.

Defendant Christy Wurster answered the complaint on January 26, 2012.  (Dkt. No. 15.)[1]  Subsequently, on March 13, 2012, the court entered a pre-trial scheduling order requiring initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) to be made by April 5, 2012.  (Dkt. No. 20 at 3.)  Defendant Wurster states that she served her initial disclosures on plaintiff on April 6, 2012, and has submitted a proof of service to that effect.[2]  (Dkt. No. 24-1 at 11.)  When defendant's counsel contacted plaintiff regarding her overdue disclosures on April 19, 2012, plaintiff responded by filing an "Opposition to Rule 26 Disclosure" on April 20, 2012.  (Dkt. No. 23.)  In that filing, plaintiff stated:

> Plaintiff was notified by [defendant's counsel] that her rule 26 statement was overdue.  Plaintiff wishes to request her audio recording of the event in question not be disclosed as evidence but to be preserved as rebuttal evidence.  If the court does order

---

[1] On April 16, 2012, the court issued findings and recommendations recommending that plaintiff's claims against the remaining defendant, "El Dorado County Department of Fish and Game" (in actual fact, the California Department of Fish and Game), be dismissed from the action with prejudice as barred by the Eleventh Amendment.  (Dkt. No. 22.)  Plaintiff has not filed any objections to the findings and recommendations, which remain pending before the district judge.

[2] Defendant's counsel acknowledges that his initial disclosures were one day late as a result of a calendaring error.

> disclosure of the audio recording of the incident, Plaintiff respectfully requests that she be allowed to take the disposition [sic] of Defendant Christy Wurster before disclosing the audio recording. Plaintiff also has not received any disclosure from Defendants. Plaintiff would like to have all records of the incident in question.

(Dkt. No. 23 at 2.) Upon learning that plaintiff had not actually received defendant's initial disclosures previously served via mail, defendant's counsel sent two e-mail copies of the initial disclosures to plaintiff that same day on April 20, 2012. (Dkt. No. 24-1 at 2, 5.)

When plaintiff continued to fail to provide her initial disclosures, defendant Wurster filed the instant motion for sanctions on April 23, 2012, noticed for hearing on May 24, 2012. (Dkt. No. 24.) To date, plaintiff has not provided any initial disclosures.

DISCUSSION

Here, there is no apparent dispute that plaintiff failed to provide initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and the court's pre-trial scheduling order.[3] Thus, the only issue is the propriety of the sanctions requested by defendant Wurster. In her motion, defendant Wurster seeks the following sanctions: (1) dismissal of the action or (2) evidence preclusion (in particular, of the audio recording), and (3) monetary sanctions of $680 in attorneys' fees.[4]

As an initial matter, the court notes that Fed. R. Civ. P. 37 authorizes the sanctions requested by defendant, both for failure to make disclosures pursuant to Rule 26(a)(1), see Fed. R. Civ. P. 37(c)(1), and for failure to comply with a court order to make the initial disclosures, see Fed. R. Civ. P. 37(b)(2)(A). Moreover, plaintiff's pro se status does not excuse

---

[3] Even assuming that plaintiff truly had no potential documents, witnesses, etc. to disclose, she was still obligated to provide a disclosure statement to that effect. Moreover, such an assumption is unwarranted in light of the fact that plaintiff filed no opposition to defendant Wurster's motion setting forth such facts and in another filing made specific reference to an audio recording of the incident that she has in her possession (discussed further below).

[4] Defendant's counsel's billing rate is $170 per hour. He stated that he spent 2 hours preparing the motion for sanctions and anticipated spending an additional 2 hours to respond to any opposition from plaintiff (which was not filed) and to appear at the hearing.

1 her from compliance with procedural requirements and court orders.  Pro se litigants are bound
2 by the rules of procedure, even though pleadings are liberally construed in their favor.  King v.
3 Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.
4 1986).  The Local Rules specifically provide that cases of persons appearing in propria persona
5 who fail to comply with the Federal and Local Rules are subject to dismissal, judgment by
6 default, and other appropriate sanctions.  E.D. Cal. L.R. 183.

7       The court finds that dismissal of the action would be too harsh a sanction at this
8 juncture.  However, plaintiff is cautioned that continued failure to comply with the Federal Rules
9 of Civil Procedure and the Local Rules, failure to comply with court orders, and/or failure to
10 appear at noticed hearings will result in a recommendation that the action be dismissed pursuant
11 to Fed. R. Civ. P. 41(b).

12       The court instead finds that an evidence preclusion sanction is warranted here.
13 Rule 26(a)(1)(A)(ii) requires a party to provide to the other parties "a copy – or a description by
14 category and location – of all documents, electronically stored information, and tangible things
15 that the disclosing party has in its possession, custody, or control and may use to support its
16 claims or defenses, unless the use would be solely for impeachment...."  In an earlier filing,
17 plaintiff acknowledged that she has an audio recording of the incident in her possession, but
18 failed to disclose it to defendant Wurster, indicating that she intended to use it as "rebuttal
19 evidence" and did not want to disclose it prior to deposing defendant Wurster.

20       There is no substantial justification for withholding disclosure of the audio
21 recording, nor is it harmless.  It is clear that the audio recording of the incident is not mere
22 impeachment evidence, but goes to the heart of plaintiff's claims.  Indeed, plaintiff does not
23 claim that she intends to use it only for impeachment, but states that she wishes to preserve it as
24 rebuttal evidence.  Initial disclosures are mandated precisely to prevent such tactical
25 maneuvering, unfair and prejudicial surprise, and to streamline litigation.  Therefore, plaintiff
26 was required to disclose the audio recording pursuant to Fed. R. Civ. P. 26(a)(1) and the court's

pre-trial scheduling order. In light of plaintiff's failure to do so, the court will preclude plaintiff from utilizing the audio recording of the incident "to supply evidence on a motion, at a hearing, or at a trial" in this action. See Fed. R. Civ. P. 37(c)(1). That said, nothing in this order precludes *defendant* from requesting the audio recording from plaintiff in discovery and utilizing it in the action in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

Finally, the court finds that monetary sanctions are inappropriate under the circumstances presented here. Defendant's counsel's fees for bringing the motion were not significant, and given that plaintiff is proceeding in forma pauperis, it is unlikely that monetary sanctions would be an effective sanction at this stage. The evidence preclusion sanction affords defendant with sufficient relief.

CONCLUSION

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Defendant Wurster's motion for sanctions (dkt. no. 24) is GRANTED IN PART.

2. As an evidence preclusion sanction under Fed. R. Civ. P. 37, plaintiff shall be precluded from utilizing the audio recording of the incident that forms the basis of this action to supply evidence on any motion, at a hearing, or at trial in this action.

DATED: May 29, 2012

                    /s/ Gregory G. Hollows
         UNITED STATES MAGISTRATE JUDGE

GGH/wvr
alston.2077.sanctions.wpd