IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CD ALSTON,

        Plaintiff,                No. 2:11-cv-2077 KJM GGH PS

    vs.

CHRISTY WURSTER, et al.

        Defendants.         FINDINGS AND RECOMMENDATIONS
_____/

        On June 22, 2012, plaintiff filed a "Motion to Request Leave," in which she "requests leave of court" because she is a defendant in two ongoing criminal proceedings. (Dkt. No. 28.) Plaintiff contends that she "is currently facing substantial jail time and is using all of her resources defending herself pro se in one of the two criminal proceedings and is extremely involved in the other case where she has retained representation." (Id. at 2.) Plaintiff therefore "requests that the court grant Plaintiff leave of court until her criminal trial is concluded." (Id. at 3.)

        Although it is not entirely clear what relief plaintiff seeks from this court, it appears that she is seeking to stay this civil action until her criminal proceedings have concluded. However, plaintiff has provided no authority in support of such a stay, and, more importantly, has

not demonstrated that such a stay is warranted.[1]  Therefore, the undersigned will recommend that plaintiff's request for leave, construed as a request to stay this action, be denied.[2]

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for leave of court (dkt. no. 28), construed as a request to stay the action, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 2, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

---

[1] Indeed, given the state court criminal proceedings against plaintiff, the instant action may be barred by Heck v. Humphrey, 512 U.S. 477 (1994) or abstention may be necessary under Younger v. Harris, 401 U.S. 37 (1971).  However, the court is unable to make that determination based on the present record.  If plaintiff's request is merely one that she is too busy with other litigation to pay attention to the numerous cases *she* has filed, such a basis is insufficient.

[2] Of course, plaintiff may request reasonable extensions of time to make, or respond to, specific filings or motions, and the court will consider the propriety of such requests on an individual basis.