1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   C.D. ALSTON

11              Plaintiff,                No. 2: 11-cv-02077 KJM GGH PS

12        vs.

13   CHRISTY WURSTER, et al.,             <u>ORDER and</u>

14              Defendants.               <u>FINDINGS & RECOMMENDATIONS</u>

    _____/

15

16        This action, referred to the undersigned pursuant to Local Rule 302(c)(21), was

17   filed on August 5, 2011.  Dkt. 1.  Plaintiff proceeds pro se and in forma pauperis on her Second

18   Amended Complaint ("SAC").  Dkt. 10.

19        Plaintiff seeks damages for alleged violations of her Fourth Amendment rights

20   under 42 U.S.C. § 1983 and related federal and state law causes of action.  Plaintiff alleges that

21   on April 26, 2011 at 8:30 a.m. she was approached by defendant Christy Wurster, a lieutenant

22   with the California Department of Fish and Game, and her partner Wrigley at the Fish Hatchery.

23   Wurster stated that plaintiff had been there two days in a row, that plaintiff was in the park before

24   the park opened at 6:00 a.m., and accused her of camping out.  Plaintiff denied these allegations,

25   but Wurster opened plaintiff's car door and demanded that she exit her vehicle.  Wurster also

26   threatened to take plaintiff to jail.  Plaintiff requested that Wurster take her foot, which was

                                      1

kicking plaintiff's car door open, off her car so she could leave but Wurster refused.  Wurster

reached inside plaintiff's vehicle, put it in park, and then began to twist plaintiff's arm.

Thereafter, plaintiff somehow left the park without further incident.  Dkt. 10 at 4-5.

      A scheduling order was entered in this case on March 13, 2012 (dkt. 20) together

with an order to show cause as to why defendant El Dorado County Department of Fish and

Game should not be dismissed from this action (dkt. 21).  When plaintiff failed to respond to the

order the undersigned issued findings and recommendations dismissing that defendant with

prejudice from this action as barred by the Eleventh Amendment.  Dkt. 22.[1]  On April 23, 2012,

defendant moved for sanctions against plaintiff who failed to serve the disclosures required by

Fed. R. Civ. Pro. 26.  Dkt. 24.  Plaintiff did not oppose the motion or appear at a hearing held on

the matter, after which the undersigned granted the motion in part and precluded plaintiff's use of

certain evidence.  Dkt. 27.  Although defendant properly noticed the taking of plaintiff's

deposition on July 18, 2012, and despite plaintiff's initial agreement to attend the deposition at

the time and place indicated, plaintiff failed to appear for the deposition.  Dkt. 31 at 2-3.

Subsequently, on August 3, 2012, defendant filed a motion to compel plaintiff's deposition

which was set for hearing on August 30, 2012.  Dkt. 31.  When plaintiff failed to oppose the

motion, the hearing was continued to September 6, 2012.  Dkt. 32.  Plaintiff never filed an

opposition to defendant's motion and did not appear at the September 6, 2012 hearing.  Dkt. 35.

      Although the court liberally construes the pleadings of pro se litigants, they are

required to adhere to the rules of court.  As set forth in the district court's order requiring status

report, failure to obey local rules may not only result in dismissal of the action, but "no party will

be entitled to be heard in opposition to a motion at oral arguments if opposition has not been

timely filed by that party."  E. D. Cal. L. R. 230(c).  More broadly, failure to comply with the

Local Rules or "any order of the court may be grounds for imposition . . . of any and all sanctions

---

[1]The findings and recommendations of the undersigned were adopted in full by the
district judge on July 5, 2012.  Dkt. 30.

authorized by statute or Rule or within the inherent power of the Court." E. D. Cal. L. R. 110;

see also E. D. Cal. L. R. 183 (requiring compliance with the Local and Federal Rules by pro se

litigants).

"Failure to follow a district court's local rules is a proper ground for dismissal."

Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The court should consider: (1) the public's

interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the

risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their

merits, and (5) the availability of less drastic sanctions. Id. Similar considerations authorize

dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Link v. Wabash

R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991).

Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction

of dismissal. See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)

(setting forth same factors for consideration as Ghazali).

The court has considered the factors set forth in Ghazali. "[T]he key factors are

prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th

Cir.1990). Defendant is clearly prejudiced by continuing to defend an action and pursue

discovery against a party who fails to participate in the prosecution of the case. This court is also

put in the untenable position of expending limited judicial resources to decide such a case on the

merits. The public's interest in expeditious resolution of litigation, the court's need to manage its

docket, and the unsuitability of a less drastic sanction, direct that this case be dismissed.

Accordingly, IT IS HEREBY ORDERED that defendant's motion to compel

plaintiff's deposition testimony (dkt. 31) is VACATED and subject to renewal if necessary.

IT IS RECOMMENDED that this action be dismissed with prejudice pursuant to

Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

1  fourteen (14) days after being served with these findings and recommendations, any party may

2  file written objections with the court and serve a copy on all parties.  Such a document should be

3  captioned "Objections to Magistrate Judge"s Findings and Recommendations."  Any reply to the

4  objections shall be served and filed within fourteen (14) days after service of the objections.  The

5  parties are advised that failure to file objections within the specified time may waive the right to

6  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

7  DATED: January 24, 2013

8

9                                    /s/ Gregory G. Hollows
                          UNITED STATES MAGISTRATE JUDGE

10

11

12

13  ggh9
    Alston2077 41

14

15

16

17

18

19

20

21

22

23

24

25

26